709 A.2d 747

## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND, Petitioner,

v.

### Scott A. MONROE, Respondent.

**Misc. AG No. 22, Sept. Term, 1998.**

Court of Appeals of Maryland.

May 14, 1998.

## ORDER

The Court having considered the Joint Petition for Indefinite Suspension by Consent filed by the Petitioner and the Respondent, it is this 14th day of May, 1998

**ORDERED** by the Court of Appeals of Maryland that the Petition be, and it is hereby, GRANTED. Scott A. Monroe is indefinitely suspended from the practice of law in this State, said suspension to take effect thirty (30) days from the date of the Court's Order, and it is further

**ORDERED**, that within fourteen (14) days of the date of entry of this Order Scott A. Monroe shall:

a. File a notice of withdrawal as of the effective date of the indefinite suspension with every court, agency, or tribunal

before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs (c) and (d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b. Resign as of the effective date of the indefinite suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs (c) and (d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c. Provide notices to all clients and to all wards, heirs and beneficiaries that he has been indefinitely suspended; that he is disqualified from acting as a lawyer after the effective date of the indefinite suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d. Provide notices to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that he has been indefinitely suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the indefinite suspension;

e. Make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or property;

f. Refund any part of any fee paid in advance that have not been earned; and

g. Close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required shall be served by certified mail, return receipt requested, and it is further

**ORDERED**, that within twenty-one (21) days after the date of entry of this Order Scott A. Monroe shall file with the Office of the Bar Counsel an affidavit certifying that he has fully complied with the provisions of this Order. Appended to the affidavit of compliance shall be:

h. A copy of each form or notice, the name and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the Court;

i. A schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which Scott A. Monroe holds or held as of the entry date of this Order any client, trust or fiduciary funds;

j. A schedule describing his disposition of all client and fiduciary funds in his possession, custody or control as of the entry date of this Order or thereafter;

k. Such proof of the proper distribution of such funds and the closing of such accounts as has been requested by Bar Counsel, including copies of checks and other instruments;

l. A list of all other state, federal and administrative jurisdictions to which he is admitted to practice; and

m. The residence or other street address where communications to him may thereafter be directed. He shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the Order of suspension, and it is further

**ORDERED**, that termination of Respondent's suspension is further subject to Respondent having satisfied Bar Counsel that the following conditions have been met:

n. Respondent shall have registered, and prepaid the tuition, at an accredited law school for a course on the Maryland

Lawyers' Rules of Professional Conduct, or other Legal Ethics course, and Respondent shall have represented and warranted to Bar Counsel, and thereby, to this Court, that he will diligently pursue and successfully complete that course. Breach of this representation and warranty may be considered to be a violation of one or more of the Maryland Lawyer's Rules of Professional Conduct;

o. Respondent shall have registered, and prepaid the tuition, for a course, approved by Bar Counsel, on law office management, including training in accounting for escrow funds, and Respondent shall have represented and warranted to Bar Counsel, and thereby, to this Court, that he will diligently pursue and successfully complete that course. Breach of this representation and warranty may be considered to be a violation of one or more of the Maryland Lawyers' Rules of Professional Conduct;

p. Respondent shall participate in twelve (12) hours of continuing legal education courses in each of the first three (3) years after his reinstatement; and

q. Respondent shall have engaged, at his expense, a monitor, acceptable to Bar Counsel, who will oversee both Respondent's practice of law and Respondent's accounting for funds entrusted to him for a period of two (2) years and to provide to Bar Counsel monthly reports for one (1) year and quarterly reports thereafter; and

r. Respondent shall pay to Petitioner costs of the proceedings as assessed herein, and it is further

**ORDERED**, that the Clerk of this Court shall remove the name of Scott A. Monroe from the register of attorneys in this Court, effective thirty (30) days from the date of this Order, until further order of this Court and certify that fact to the Trustees of the Clients' Security Trust Fund and all the clerks of all judicial tribunals in the State in accordance with Maryland Rule 16–713.